FILED

97 MAY -9 AM 6:42

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAY - 9 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CORA MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV96-H-992-S |
| WAL-MART STORES, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION

The Court has before it the April 2, 1997 motion for summary judgment filed by defendant Wal-Mart Stores, Inc. ("defendant"). Pursuant to the Court's April 3, 1997, order, the motion was deemed submitted for decision, without oral argument, as of May 1, 1997.

### I. Procedural History

Plaintiff Cora Martin filed this action on February 23, 1996 in the Circuit Court for Jefferson County, Alabama. The complaint alleged that plaintiff had been walking in defendant's store in Fairfield, Alabama, and had slipped and fallen due to an unsafe condition on the floor. The complaint alleged that Wal-Mart had negligently or wantonly allowed the floor to remain unsafe, and demanded $350,000 for plaintiff's injuries.

The defendant removed this action to this Court on April 18, 1996. This Court has jurisdiction over this matter pursuant to

28 U.S.C. § 1332. Plaintiff is a resident citizen of the State of Alabama. Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Arkansas. (Notice of Removal ¶ 2). The amount in controversy exceeds $50,000, exclusive of interest and costs.

The defendant's April 2, 1997 motion for summary judgment asserts that, not only has plaintiff failed to adduce any evidence to support her claims against defendant, but that undisputed evidence in the record affirmatively negates any possibility of recovery by plaintiff. In support of its motion for summary judgment, defendant offered the depositions of plaintiff, Pamela Skipwith, and John Featheringill, the affidavit of Lillie Currenton, and a document from an orthopedic clinic plaintiff visited, as well as a brief and a narrative summary of undisputed facts. Plaintiff responded by filing a "motion to deny defendant's motion for summary judgment,"[1] a brief containing an "undisputed statement of facts,"[2] the deposition of

---

[1] A party opposing a motion for summary judgment need not file a motion asking the Court to deny summary judgment; the proper course is simply to file a brief and evidentiary materials demonstrating a genuine issue of material fact or that the party requesting summary judgment is not entitled to judgment as a matter of law.

[2] A cursory examination of plaintiff's "undisputed statement of facts" reveals that it is actually a narrative of legal conclusions asserting that defendant is guilty of negligent or wanton conduct. While the Court disregards the legal conclusions in plaintiff's "undisputed statement of facts," the Court is confident that Wal-Mart has disputed the facts that would lead to a conclusion of negligence or wantonness.

plaintiff, and an affidavit from Pamela Skipwith.

## II. Standards for Evaluating a Summary Judgment Motion

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th

3

Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence

4

sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district Court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the Court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>Lewis v. Casey</u>, \_\_\_\_ U.S. \_\_\_\_, 116 S. Ct. 2175 (1996).

### III. Relevant Undisputed Facts

Plaintiff went to the Wal-Mart store in Fairfield, Alabama

5

on March 31, 1994 to get a prescription filled, accompanied by her daughter, Pamela Skipwith. (Martin Depo. at 22, 28; Skipwith Aff.). The Wal-Mart store in Fairfield is comprised of a main inside area, as well as a garden shop. (Currenton Aff.). The garden shop is further divided into an inside area and an outside area. (Id.).

Plaintiff parked in front of the garden shop and entered the inside area of the garden shop. (Martin Depo. at 29-30). At that time, neither plaintiff nor her daughter saw anything on the floor. (Id. at 34; Skipwith Depo. at 32). There was a cash register on the left immediately inside the garden center, and the garden center was "very busy" that day, with eight or nine people waiting in line at the cash register. (Martin Depo. at 49; Skipwith Depo. at 21-22).

Plaintiff took about seven steps and slipped, but did not fall; she was caught before hitting the ground. (Martin Depo. at 29, 31-32).[3] The record contains three differing accounts of what was on plaintiff's shoe and the garden center floor immediately after the accident. Plaintiff testified in her deposition that she noticed a leaf on the bottom of her shoe, and

---

[3] The parties dispute who caught plaintiff and prevented her from hitting the ground; plaintiff testified that her daughter, Pamela Skipwith caught her, while the affidavit of Lillie Currenton, a Wal-Mart sales associate, asserts that Currenton caught plaintiff. This factual dispute, however, is of no relevance to the Court's resolution of the motion for summary judgment.

6

saw leaves, dirt, and water covering the entire aisle floor. (Martin Depo. at 32-46). The dirt and water were wet, rather than dry, and there were no cart tracks apparent. (Id.). However, plaintiff testified that she did see "quite a few" footprints surrounding the dirt and water. (Id.).

Plaintiff's daughter testified that she observed some green and purple leaves on the floor, as well as a pancake-sized puddle of water and a basketball-sized area of mud on the aisle floor. (Skipwith Depo. at 30-33). Skipwith did not observe any cart tracks in the area, but did see some footprints. (Id.).

Lillie Currenton, a Wal-Mart sales associate, observed a purple bloom on the bottom of plaintiff's shoe immediately after the accident, and a purple smudge on the floor where plaintiff fell. (Currenton Aff.).

Currenton's affidavit also recites that she walked down the aisle approximately one minute prior to plaintiff's almost-fall and saw no water, dirt, mud, blooms, or leaves on the floor at that time. (Id.). Additionally, it is undisputed that no one had reported any dirt, water, mud, or anything else on the floor to any Wal-Mart employee prior to plaintiff's accident. (Id.).

Plaintiff saw Dr. John Featheringill about a month after the accident. (Featheringill Depo. at 10). In connection with her treatment, plaintiff filled out an information sheet indicating the nature and cause of her injury. (Id. at 11). On that sheet, plaintiff wrote, "[a]s I walked into the Garden Shop of Wal-

7

Mart's, I slid on a piece of flower." (Id. at 12; motion for summary judgment, Ex. 5). According to Dr. Featheringill, plaintiff mentioned only that she had slipped on a single flower petal, and never mentioned any water, dirt, or leaves on the floor of the Wal-Mart garden shop. (Featheringill Depo. at 12-13).

In light of these contradictory accounts of what was on the aisle floor at the time of plaintiff's accident, the Court will view the record in a light most favorable to plaintiff, and assume that the aisle floor had water, dirt, and leaves on it after plaintiff's accident.

## IV. Analysis

For the purposes of the present motion, the Court will assume that plaintiff was a business invitee on defendant's premises. The Alabama Supreme Court has repeatedly enunciated the standards applicable to slip and fall cases involving invitees:

> [t]he rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately

8

>caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury.

McCombs v. Bruno's, Inc., 667 So.2d 710,712 (Ala. 1995), quoting Cash v. Winn-Dixie Montgomery, 418 So.2d 874, 876 (Ala.1982).

An invitee's negligence action, like any other under Alabama law, involves proof of duty, breach, causation, and damages. Here, the defendant asserts that the undisputed evidence in the record establishes that Wal-Mart did not fail to use reasonable care in keeping its store safe for invitees, and so did not breach its duty. "[B]efore a store owner can be held liable, the plaintiff must present evidence that the owner knew, or should have known, of the defective condition of its floor, before the injury occurred, and knew of it for a length of time sufficient for a reasonable person to conclude that the owner could have corrected the condition." McCombs, 667 So. 2d at 712. So, plaintiff can establish negligence in either of two ways. First, plaintiff can show that Wal-Mart had actual notice of the dangerous condition of the floor for a sufficient period of time before the plaintiff's accident to give rise to an inference of negligence. In the alternative, plaintiff can show that the dangerous condition existed for a sufficient time that a reasonable store owner should have discovered and corrected it.

In this case, the only evidence in the record negates the first possibility -- actual notice. None of the evidence

9

presented by plaintiff even hints that defendant knew of the existence of any leaves or puddles of dirt or water for any period of time before plaintiff's accident. In addition, the unrebutted affidavit of Lillie Currenton establishes that defendant's employees did not observe anything on the aisle floor approximately one minute before the accident, and no one reported the presence of any dangerous floor condition to any of defendant's employees.

In addition, there is no evidence in the record to suggest that the dirt, water, and leaves had been present on the floor long enough to give rise to an inference that defendant should have discovered it in the exercise of due care. Neither plaintiff nor Pamela Skipwith saw anything on the floor before plaintiff fell. In addition, the unrebutted affidavit of Lillie Currenton establishes that the aisle was clear, with no objects on the floor, one minute before the accident.

Finally, although there were footprints surrounding the dirt and water spills, the testimony of plaintiff and Pamela Skipwith establishes without dispute that the garden shop was "very busy" that day, and eight or nine people were waiting in line in close proximity to the place where plaintiff fell. The volume of traffic through the garden shop at the time of plaintiff's accident nullifies any reasonable inference that the puddles were there for a long period of time because of the presence of the footprints.

The evidence offered by plaintiff establishes no more than the fact that plaintiff slipped and fell on dirt, water, and leaves on the floor of an aisle in the defendant's store.  None of the evidence in the record even suggests that the defendant knew or should have known about the presence of the dirt, water, and leaves before plaintiff's accident.  Thus, the evidence in the record shows the absence of any issue of material fact concerning the defendant's exercise of due care.

The Alabama Supreme Court affirmed a summary judgment for the defendant in a case with facts very similar to those presented here.  In <u>Hose v. Winn-Dixie Montgomery, Inc.</u>, 658 So. 2d 403 (Ala. 1995), the plaintiff slipped and fell on a liquid spill while shopping in a supermarket.  <u>Id.</u> at 404.  The plaintiff testified that she did not see the liquid before her accident, and the supermarket offered the affidavit of a store employee who had checked the aisle where the plaintiff fell and found nothing five to ten minutes before the accident.  <u>Id.</u> at 404-05.  In addition, the store manager testified by affidavit that no one had reported the spill to the store.  <u>Id.</u>  Given this showing, the Alabama Supreme Court held that the store had negated any issue of fact regarding actual or constructive notice of the spill: "[i]n light of the testimony of the produce clerk, who testified that he had walked down the aisle 5 to 10 minutes before Hose's accident, one must conclude that the murky liquid may have been dropped or leaked onto the floor only minutes

11

before Hose fell." Id.

The present case involves nearly identical facts. The undisputed evidence here indicates that one of defendant's employees had checked the site of the plaintiff's accident only minutes before plaintiff fell and found nothing on the floor. Just as in Hose, plaintiff has presented no evidence to rebut the defendant's showing, and so summary judgment is proper.

To conclude, there is no evidence in the record that creates an issue of fact regarding any breach of the duty of care by defendant. Not only has plaintiff failed to adduce any evidence of breach by defendant, defendant's unrebutted evidence negates the possibility that the plaintiffs could ever prove such a breach. Accordingly, summary judgment is due to be granted for defendant on the claims raised by plaintiff. A separate Final Order and Judgment in accordance with this Memorandum of Decision will be entered.

DONE this 9th day of May, 1997.

SENIOR UNITED STATES DISTRICT JUDGE